# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

CARMAN J. NEAL,

   Plaintiff,

v.

RESOURCE CORPORATION OF
AMERICA & RECOVERY OF
TEXAS, LLC,

   Defendant.

Case No. 25-CV-00456-SEH-JFJ

## OPINION AND ORDER

Before the Court is Plaintiff Carman J. Neal's opposed motion to remand. [ECF No. 8]. For the reasons stated below, the Court grants the motion and remands this case to the Tulsa County District Court.

## I. Background

Plaintiff alleges that in July 2024, Defendant Resource Corporation of America & Recovery of Texas, LLC extended an employment offer to Plaintiff Carman Neal. [ECF No. 2-1 at ¶ 3]. That job offer was rescinded "because Plaintiff supposedly tested positive for marijuana or its metabolites." [*Id.*]. Plaintiff claims he had a valid Oklahoma medical marijuana license when the employment offer was extended and "suffered damages as allowed by statute" because Defendant withdrew the offer. [*Id.* at ¶ 5].

On August 14, 2024, Plaintiff filed his Petition in the Tulsa County District Court, alleging only a violation of state law. [ECF No. 2-1 at ¶ 4]. Defendant filed a motion to dismiss in state court, arguing that the matter involved, "an employment matter solely under several Federal contracts for work for several sovereign Native American Tribes" and maintaining the "state court does not have jurisdiction over federal contracts or employment matters." [ECF No. 2-3 at 4].

Roughly a year later, on August 27, 2025, Defendant removed this case to federal court on the basis of federal question jurisdiction, asserting that "Plaintiff's claims arise under the Constitution, laws, or treaties of the United States" and involve "an Indian tribe on Federal Indian trust land." [ECF No. 2 at ¶ 2]. Defendant asserts that complete diversity of citizenship between the parties exists and asks the Court to determine that damages will exceed $75,000 because "Plaintiff has acted in bad faith in failing to disclose the amount in controversy exceeds the amount necessary for diversion [sic] jurisdiction." [ECF No. 2 at ¶¶ 3, 5].

## II. Standard

### A. Diversity Jurisdiction

Removal to federal court is possible for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of

all civil actions where the matter in controversy exceeds ... $75,000, exclusive of interest and costs, and is between ... citizens of different [s]tates." 28 U.S.C. § 1332(a)(1). Under § 1332, "a party must show that complete diversity of citizenship exists between the adverse parties[.]" *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). The amount in controversy can be established by a plaintiff's allegation that the amount in controversy exceeds $75,000, or the defendant may provide jurisdictional facts supporting a conclusion that the amount in controversy exceeds $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

When choosing removal, a defendant must file a notice of removal "within thirty days" of service or "within 30 days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446(b)(1) & (b)(3). Because "federal courts are courts of limited jurisdiction," there is a presumption against federal jurisdiction "absent an adequate showing by the party invoking" it. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (citation and internal quotation marks omitted). The party removing a case to federal court "bear[s] the burden of establishing jurisdiction by a preponderance of the evidence." *Id.*

### B. Federal Question Jurisdiction

District courts have federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006). "The substantial question branch of federal question jurisdiction is exceedingly narrow—a special and small category of cases." *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012) (cleaned up).

"The well-pleaded complaint rule makes the plaintiff the 'master' of his claim." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012) (quotation omitted); *see also Royal Canin, U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("The plaintiff is 'the master of the complaint,' and therefore controls much about her suit."). Therefore, the plaintiff elects the judicial forum—state or federal—based on how he drafts the complaint. *Firstenberg*, 696 F.3d at 1023. "Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, he can nevertheless avoid federal jurisdiction by exclusive reliance on state law." *Id.* (cleaned up).

## III. Analysis

Plaintiff argues this case should be remanded to state court for three reasons: (1) the notice of removal was untimely; (2) the case does not involve a federal question; and (3) the case does not satisfy the amount in controversy requirement of $75,000, pursuant to 28 U.S.C. § 1332(a). [ECF No. 8]. Because the Court finds that it lacks jurisdiction over Plaintiff's claims, it need not address the question of timeliness.

### A. Federal Question Jurisdiction

In the notice of removal, Defendant claims that Plaintiff implicated a federal law that requires contractors to maintain a drug-free workplace, 41 U.S.C. § 8102 et seq. [ECF No. 2 at 1–2]. Defendant contends that Plaintiff's case therefore presents a federal question. [*Id.* at 2–3].

Acknowledging that the Petition does not plead a federal cause of action on its face, Defendant argues that the Court should still find a federal question exists under the *Grable/Gunn* test. [ECF No. 2 at 2]. Under this test, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "[W]here a claim finds its origins in state rather than federal law," only a "special and

small category" of these cases will give rise to federal jurisdiction. *Id*.

(quoting *Empire*, 547 U.S. at 699).

The federal law Defendant cites demands close examination. The Drug

Free Workplace Act of 1988 ("DFWA") requires contractors and grantees to

comply with certain requirements to maintain eligibility for federal funds. 41

U.S.C. § 8102(a)(1). Those requirements include, among other things, that

the contractor or grantee "establish a drug-free awareness program to inform

employees about … the dangers of drug abuse in the workplace … the

person's policy of maintaining a drug-free workplace … available drug

counseling, rehabilitation, and employee assistance programs … and the

penalties that may be imposed on employees for drug abuse violations." *Id*. at

(a)(1)(B).

Defendant claims that the DFWA is "critical to Plaintiff's claim because he

must show that his use of medical marijuana is not prohibited by federal law

for the type of job he was seeking." [ECF No. 2 at 2]. In support of this

proposition, Defendant cites the following state law:

> *Unless otherwise required by federal law* or required to obtain
> federal funding:
>
> 1. No employer may refuse to hire, discipline, discharge or
> otherwise penalize an applicant or employee solely on the basis of
> such applicant's or employee's status as a medical marijuana
> licensee; and

2. No employer may refuse to hire, discipline, discharge or otherwise penalize an applicant or employee solely on the basis of a positive test for marijuana components or metabolites, unless:

    a. the applicant or employee is not in possession of a valid medical marijuana license,

    b. the licensee possesses, consumes or is under the influence of medical marijuana or medical marijuana product while at the place of employment or during the fulfillment of employment obligations, or

    c. the position is one involving safety-sensitive job duties, as such term is defined in subsection K of this section.

63 O.S. § 427.8(H) (emphasis added).

Defendant asserts that this reference to federal law makes "interpretation of the act … critical to Plaintiffs claim." [ECF No. 2 at 2]. However, Defendant has not identified any regulations implementing the DFWA, and the state law cited above does not reference the DFWA or any other specific provisions of federal law. Defendant does not point to any provision of the DFWA (or federal law) that would require Defendant to withdraw a job offer from a prospective employee who tested positive for marijuana. It is therefore difficult to identify any substantial issue of federal law in need of interpretation by a federal district court.

Nonetheless, Defendant attempts to identify other potential avenues for federal jurisdiction. First, Defendant argues that the issue of whether the federal contract between Defendant and Cherokee Nation is breached is a

federal question. [ECF No. 2 at 2]. But no party in this case alleges that the contract between the federal contractor and Defendant was breached. And Defendant does not elaborate how any such breach would be relevant to Plaintiff's claim.

Second, Defendant appears to argue that the DFWA preempts 63 O.S. § 427.8(H). [ECF No. 2 at 3]. Although no such argument appeared in the removal notice, Defendant argues in its response to Plaintiff's motion to remand that "[the DFWA] is substantial to the State law claim because it completely preempts the state law claim under Okla. Stat. tit. 63 § 427.8(H)." [ECF No. 9 at 5]. The basis for this extraordinary statement is unclear to the Court. But Defendant appears to rely upon the DFWA having additional relevance on federal land, which, according to Defendant, is synonymous with tribal land. [*Id.* at 5–6].

Defendant's argument on preemption fails to connect with the law. Defendant wholly fails to cite any authority or explain how the DFWA preempts state law. Nor does Defendant identify whether the doctrine of express preemption, field preemption, conflict preemption, or some combination thereof, preempts Oklahoma law. Instead, Defendant focuses almost exclusively on two factual allegations: that it operated as a subcontractor for a federally recognized Indian tribe, and that the Plaintiff would have reported to work (had he been hired) on land that Plaintiff

8

believed was "federal." [ECF No. 9 at 5–7]. Because Defendant has failed to provide any legal support, or legal theory, that would explain why Defendant's status as a subcontractor or Plaintiff's beliefs about "federal" land would be relevant to preemption, this argument cannot provide a basis for federal question jurisdiction. Plaintiff does not plead a federal cause of action. Nor has Defendant identified a substantial issue of federal jurisdiction over a state law claim. Therefore, this case involves no federal question.

### B. Diversity Jurisdiction

Defendant argues that the case is removable on the basis of diversity jurisdiction, even in the absence of federal question jurisdiction. [ECF No. 2 at 3]. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff seeks remand, arguing that the notice of removal says nothing about the citizenship of the parties and that this failure is fatal to maintaining diversity jurisdiction. [ECF No. 8 at 5]. Therefore, the Court must determine whether Defendant's notice of removal establishes by a preponderance of the evidence the facts necessary to establish diversity jurisdiction.

Although in a conclusory way, the notice of removal alleges that "[t]he damages in this case exceed the amount for diversity jurisdiction and the parties have complete diversity." [ECF No. 2 at 3]. In its disclosure statement, Defendant lists three different entities as members in a "citizenship" section. [ECF No. 10 at 4]. The three members include Haye Interests, LP, Charlie P Holdings, LP, and FDIII, LLC. [*Id.*]. Tracing down through the sub-members, these three interests are owned by three individuals: Bryan Haye, Charlene Palmer, and Frank Dominguez, each "of the state of Texas." [*Id.*]. Plaintiff identifies himself as "a citizen of the state of Oklahoma" in his disclosure statement. [ECF No. 6]. It is affirmatively apparent from the record by a preponderance of the evidence that there is complete diversity of the parties.

The remaining question, then, is whether the Defendant has established the required amount in controversy. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Here, Defendant failed to plead damages more than $75,000 in its notice of removal. Instead, it stated that "the Plaintiff hasn't specifically plead damages more than $75,000" and alerted the Court that

"Defendant has been working to determine the amount claimed." [ECF No. 2 at 3].

For his part, Plaintiff alleged in the Petition that he was seeking "judgment against Defendant in a sum in excess of $10,000, interest, costs, attorneys' fees, and such other and further relief to which he is deemed entitled." [ECF No. 2-1]. He also generally argues in his motion to remand that "diversity jurisdiction has not been alleged nor met here or is too late." [ECF No. 8 at 5].

Only in response to the motion to remand does Defendant attempt to quantify the amount in controversy. Defendant asserts for the first time in its response that "[t]his case involves damages in excess of $75,000.00, satisfying the jurisdictional threshold under § 1332." [ECF No. 9 at 9]. Defendant argues that the threshold "is now implicated because Plaintiff doesn't dispute that damages are not in excess of $75,000 in its motion to remand." [ECF No. 9 at 10]. Although the double-negative here significantly confuses its point, the Court interprets Defendant's argument as one of omission. Basically, that Plaintiff conceded to the jurisdictional amount because he did not deny it was met, and therefore Defendant is freed from any obligation to demonstrate that damages are in excess of the amount in controversy. Defendant provides no citation to law in support of that proposition, and the Court is aware of none. Once a motion to remand is filed, "the party seeking to sustain the

11

removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Resendiz v. Progressive Direct Ins. Co.*, 672 F. Supp. 3d 1158, 1161 (D.N.M. May 5, 2023) (quotations omitted).

Despite the Petition establishing that at least $10,000 is in controversy, there is simply nothing in the record to establish that an amount greater than $75,000 is in controversy. Therefore, the Court concludes the Defendant has not met its burden to prove by at least a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interests and costs. As such, this Court lacks original subject matter jurisdiction over this action and must remand the case to state court, pursuant to 28 U.S.C. § 1447(c).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Remand [ECF No. 8] is granted. This case is remanded to the Tulsa County District Court for lack of subject matter jurisdiction. The Court Clerk is hereby directed to remand this case to the Tulsa County District Court.

DATED this 30th day of March, 2026.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE